UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-05602 MMM (RZx) | Date | August 1, 2011 |
|---|---|---|---|

| Title | *Ohanian v. Victoria Fire & Cas. Co. et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order To Show Cause Why Action Should Not Be Remanded To Los Angeles Superior Court For Lack of Jurisdiction

On May 31, 2011, plaintiff David Ohanian commenced this action in Los Angeles Superior Court, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing.[1] On July 7, 2011, defendant Victoria Fire & Casualty Company ("Victoria") timely removed the case to federal court, invoking the court's diversity jurisdiction.[2]

**I. FACTUAL BACKGROUND**

On July 7, 2008, Victoria issued Ohanian a one-year, first party insurance policy

---

[1] Notice of Removal, Docket No. 1 (July 7, 2011), Exh. A (Complaint), 1.

[2] Notice of Removal at 1.

covering his dump truck, with a stated value of $60,000.[3] Ohanian alleges that the policy "provided coverage for damages up to the stated monetary limits . . . as a result of theft or other physical loss of property."[4] He asserts that he paid all premiums due under the policy.[5]

Ohanian alleges that his truck was stolen on May 21, 2009.[6] He reported the incident to the Los Angeles Police Department.[7] After conducting an investigation of the alleged theft, police recovered the truck on May 26, 2009, but were unable to apprehend any suspects.[8]

Ohanian also reported the incident to Victoria.[9] Although he allegedly "complied with all conditions precedent to recovery under the insurance policies,"[10] Ohanian alleges that Victoria "unjustifiably and unreasonably failed to pay proper policy benefits . . . pursuant to [his] properly made claim."[11] He asserts that "[a]s a matter of business practice, [d]efendants, and each of them[,] unreasonably and in bad faith deny or underpay claims." He contends that they "have a pattern and practice of underpaying or denying claims in order to maximize 'claims profit,'" with "[t]he result . . . that plaintiff and defendants' other insureds are cheated of monies rightfully owned to them."[12]

Ohanian maintains that Victoria "hired biased adjusters and/or experts who represented to [him] that the value of [his] truck was significantly below [its] actual value."[13] He contends that "[a]s a result of Victoria's inadequate valuation of the [truck], [he] hired an appraiser who

---

[3]Complaint, ¶¶ 4, 11, 13.

[4]*Id.* at ¶ 14.

[5]*Id.*, ¶ 12.

[6]*Id.*, ¶ 15.

[7]*Id.*, ¶ 17.

[8]*Id.*

[9]*Id.*, ¶ 16.

[10]*Id.*, ¶ 18.

[11]*Id.*, ¶ 20.

[12]*Id.*, ¶ 30.

[13]*Id.*, ¶ 22.

valued the . . . Dump Truck [at] . . . substantially [more] than Victoria's valuation. . . ."[14]

Ohanian seeks general and special damages resulting from Victoria's failure to pay benefits for the alleged theft of his truck, interest on benefits not paid, attorneys' fees, and punitive damages.[15]

## II.  DISCUSSION

### A.  Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.  Whether This Case Was Properly Removed Under 28 U.S.C. § 1332

Defendant contends that this matter is within the court's diversity jurisdiction under 28 U.S.C. § 1332.[16]  "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy

---

[14]*Id.*, ¶ 24.

[15]*Id.* at 20.

[16]Notice of Removal at 1.

3

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .").

### 1. Complete Diversity

Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68). Here, the complete diversity requirement is satisfied. Ohanian alleges that he was at all relevant times a resident of California.[17] Victoria alleges that it is an Ohio corporation with its principal place of business in Ohio.[18]

### 2. Amount in Controversy

The "amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). Therefore, in cases where a plaintiff's state court complaint does not allege the amount of damages sought, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[W]e hold that in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]"); *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (same).

"In determining whether the defendant has made such a showing, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Faulkner*, 1999 WL 820198 at *2 (citing *Singer v. State Farm Mutual Auto, Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "If the complaint does not specify a damages amount, the court can look at facts in the complaint and require the parties to submit evidence relevant to the amount in controversy." *Id.* (citing *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998)). A defendant must submit "summary-judgment-type evidence" to establish that the amount in controversy exceeds

---

[17]Complaint, ¶ 4. Although Ohanian alleges his residency rather than his citizenship, the court assumes he is also a citizen of California.

[18]Notice of Removal, ¶ 10.

$75,000. *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)); see also *Matheson*, 319 F.3d at 1090 (same). "A defendant can introduce other jury verdicts to bolster its claim that potential punitive damages would raise the amount in controversy to over $75,000, but those jury verdicts must involve facts analogous to its own case." *Faulkner*, 1999 WL 820198 at * 4 (citing *Conrad*, 994 F. Supp. at 1201).

As Ohanian's state court complaint does not specify the amount in controversy, defendant bears the burden of proving, by a preponderance of the evidence, that the jurisdictional threshold is met. See, e.g., *Matheson*, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold"); *Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to [Plaintiff's] claim . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount").

"[A] speculative argument regarding the potential value of the award is insufficient." *Conrad Associates*, 994 F.Supp. at 1198 ("Because the 'removal statutes are strictly construed against removal,' . . . doubts about removal must be resolved in favor of remand. . . . Because defendant has not established the requisite amount in controversy in the instant case, the court lacks subject matter jurisdiction and must remand the case"). In a case where the notice of removal stated only that plaintiff earned a $65,000 annual salary and had an expected bonus of $12,000 and "failed to address the amount in controversy," the court found that "[a]t best, defendant is speculating that the damages sought meet the statutory requirement," because it "provide[d] no explanation or evidence in support of" its contention. *Miller v. Lifestyles Senior Housing Managers*, No. CIV S 05887LKKDAD, 2005 WL 1397401, *1 (E.D. Cal., June 13, 2005).

Here, defendant summarily concludes that the jurisdictional threshold is met "[g]iven [p]ntiff's allegations [that it] breached the insurance contract by failing to pay insurance benefits for [the] property loss, undervalued the property loss, and acted in bad faith in at least 11 enumerated ways, [and] [p]laintiff's claim [that] the property was valued at $60,000 and [seeks] special damages, punitive damages, attorney's fees, and emotional distress."[19] Defendant, however, provides no explanation or evidence to support its speculation.

### III.  CONCLUSION

For the reasons stated, the court directs defendant to show cause why this action should not be remanded for failure to satisfy the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332. Defendant is directed to respond to this order by **August 15, 2011.** Should defendant fail to respond by this date, the court will remand the action to state court

---

[19]*Id.*, ¶ 7.

forthwith. Plaintiff may file a response to defendant's pleading on or before **August 29, 2011**. Conformed courtesy copies of all pleadings must be delivered directly to chambers in the Roybal Building by 12 noon on the day after filing.